[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11688
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-21818-KAM,
Bkcy No. 1:09-bkc-33043-LMI

In re: FABRIZIO DULCETTI NEVES,

Debtor.

_____

GOLDEN DAWN CORPORATION,
MARKWOOD INVESTMENTS LTD.,

Plaintiffs - Appellants,

versus

FABRIZIO DULCETTI NEVES,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 1, 2019)

Before WILSON, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

This is a cross-border bankruptcy dispute.  The Frieri brothers founded the appellant corporations Golden Dawn Corporation and Markwood Investments Ltd. The appellee Fabrizio Dulcetti Neves owed these corporations money, but then he went bankrupt.  The Frieris—acting as their corporations—obtained a final judgment in a bankruptcy proceeding against Neves.  It turns out, though, that an Italian court has entered an order seizing the Frieris' control of the corporations and entrusting that control to an Italian-appointed administrator.

Upon learning this, Neves settled his debt with the administrator, not the Frieris.  He then notified the bankruptcy court that he had satisfied the judgment. The Frieris, still purporting to act for their corporations, opposed the settlement, arguing that they were the rightful corporate representatives and that the bankruptcy court should not grant comity to the Italian court's seizure order.

The bankruptcy court disagreed.  It granted comity to the Italian court order and accepted the settlement.  The district court then affirmed.  Because these courts did not abuse their discretion in granting comity to the Italian court's seizure order, we affirm as well.

**I.**

2

Comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot*, 159 U.S. 113, 164 (1895). We review a court's grant or denial of comity for abuse of discretion. *Belize Telecom, Ltd. v. Gov't of Belize*, 528 F.3d 1298, 1303 (11th Cir. 2008). A court "abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 61 (11th Cir. 2013).

To determine whether comity is appropriate, courts typically consider three factors: "(1) whether the foreign court was competent and used proceedings consistent with civilized jurisprudence, (2) whether the judgment was rendered by fraud, and (3) whether the foreign judgment was prejudicial because it violated American public policy notions of what is decent and just." *Daewoo Motor Am., Inc. v. Gen. Motors Corp.*, 459 F.3d 1249, 1258 (11th Cir. 2006) (internal quotation marks omitted). For bankruptcy matters, "the extension of comity enables the assets of a debtor to be dispersed in an equitable, orderly, and systematic manner, rather than in a haphazard, erratic or piecemeal fashion." *Id.* (internal quotation mark omitted).

3

## II.

Because the Italian seizure proceedings satisfied the standards for comity, neither the district court nor the bankruptcy court abused its discretion in extending comity to the seizure order.  Indeed, the Italian court held a prompt hearing so that the Frieris could contest the seizure of the corporations.  The court gave Salvatore Frieri, the main manager of the corporations, notice of this hearing.  The court also appointed defense counsel for Salvatore Frieri.  And the seizure order is subject to two levels of appellate review in the Italian courts, through which the Frieris can contest the seizure order and appointment of the administrator.

These procedures are "consistent with civilized jurisprudence" and do not violate "American public policy notions of what is decent and just." *Id.*  And the appellants do not contend that the seizure order was somehow obtained through fraud.[1]  Further, both the bankruptcy court and the district court were right to consider only the procedures surrounding the seizure order, as that was the only order for which the appellee sought comity.

The bankruptcy court and the district court thus applied the correct legal standards in a reasonable manner, and neither court's factual findings were clearly

---

[1] Though the appellants argued in the bankruptcy court that a later Italian court order may have been obtained through fraud, they do not press this point on appeal.  And in any event, the bankruptcy court correctly reasoned that the later order did not affect the initial seizure order— the order that entrusted the administrator with power over the appellants.  Fraud therefore played no role in the Italian court's decision to seize the corporations.

erroneous.  As a result, the bankruptcy court was within its bounds to extend

comity to the Italian court's seizure order, and the district court was within its

bounds to affirm.[2]

    For these reasons, the district court's order is **AFFIRMED.**

---

[2] It is also no issue that some of the Italian proceedings were ex parte because, as the bankruptcy court explained, all of the ex parte proceedings related to an order that merely clarified and confirmed the initial seizure order appointing the administrator. *See In re Enercons Virginia, Inc.*, 812 F.2d 1469, 1472 (4th Cir. 1987) (affirming a grant of comity for an Italian court order, even though the Italian court used ex parte proceedings, since the ex parte proceedings merely confirmed a prior order developed through the adversarial process).  Since the initial seizure order was obtained through an adversarial process, the after-the-fact ex parte proceedings do not impact the decision to grant comity to the seizure order.